# KIRKLAND & ELLIS LLP

Jeffrey R. Goldfine
To Call Writer Directly:
+1 212 390 4124
jeffrey.goldfine@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

January 27, 2025

**VIA CM/ECF**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Crest Global Technology, LLC, et al., v. Crown Global Secondaries V Master SCSp, et al.*, Case No. 1:25-cv-00636-VM

Dear Judge Marrero:

We represent Plaintiffs Crest Global Technology, LLC, Crest Global Technology Capital LLC, Crest Global Technology Capital V LLC, Crest Wish LLC, Crest Ride LLC, Crest ADKW LLC, and Crest Chime LLC's (together, "Crest") in connection with the above-referenced action. We write pursuant to Rule II. H. of Your Honor's Individual Rules of Practice to respectfully seek leave to redact/file under seal certain portions of Crest's First Amended Complaint (the "Amended Complaint"), filed simultaneously herewith.

The Amended Complaint references an Agreement of Purchase of Sale (the "Agreement") which contains highly confidential information. Plaintiffs seek this Application because the Agreement—which the parties agreed to keep confidential by virtue of a confidentiality provision therein—and pleadings referencing the Agreement contain highly sensitive proprietary and competitive information. Plaintiffs previously sought and were granted leave to file this information under seal. *See Crest Global Technology, LLC, et al., v. Crown Global Secondaries V Master SCSP, et al.*, Case No. 25-mc-00029, Dkt. No. 5.

Although federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). Indeed, courts have the discretion to deny such public access where appropriate. *Id.* "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006));

## KIRKLAND & ELLIS LLP

Hon. Victor Marrero
January 27, 2025
Page 2

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (similar). A judicial document is a "filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein*, 814 F.3d 132 at 139 (internal quotation omitted). Such documents may be sealed in certain cases to avert "[p]otential damage from the release of sensitive business information," and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases).

      This is one such case. The Agreement and all filings making reference thereto must be placed under seal and/or redacted because they contain highly confidential and competitively sensitive commercial information whose public disclosure would be harmful to Crest. In particular, the Agreement contains, among other items, information regarding purchase prices, distributions, capital commitments, and numerous financial allocations among various entities. The references to this highly confidential information in the Amended Complaint, besides being highly confidential and competitively sensitive, is of no interest to the public.

      Reflective of the Agreement's highly confidential nature, the parties negotiated a confidentiality provision. *See* Agreement § 12. Indeed, Section 12(b) of the Agreement provides that "[w]ithout the prior consent of the other party"—which, to be clear, has not been provided here—"neither the relevant Seller nor the relevant Buyer will disclose the existence of this transaction, terms of this Agreement (including the Purchase Price) or the transactions contemplated hereunder, or the identity of the parties hereto, to any person[.]" Accordingly, to avoid the harmful disclosure of highly confidential and sensitive business information, the Agreement, in its entirety, should be filed under seal, along with any references to the Agreement in the Amended Complaint.

      For the foregoing reasons, Plaintiffs respectfully request that they be granted leave to redact/file the Agreement and references thereto under seal.

Respectfully submitted,

*/s/ Jeffrey R. Goldfine*

Jeffrey R. Goldfine

cc:    Counsel of Record (via ECF)